# ISRAEL ELIAS AND AARON ELIAS *v.* BENJAMIN FARLY.

*Levy by Sheriff, what sufficient.*

It is a sufficient levy if the sheriff having in his possession an execution against the goods and chattels of the Defendant, come in view of the goods, and have them within his control, if he exhibit the execution, declare the levy, and make a memorandum of the same upon said execution. A manual taking of the goods in unnecessary.

THIS was an action of trespass for taking and converting a stock of drygoods in the village of Lockport, Niagara County. The Defendant was the sheriff of the county of Niagara, and justified the taking by virtue of several judgments and executions against Samuel M. Weiner, claiming the goods seized to be the property of Weiner. The jury found a verdict for the Defendants, upon which judgment was perfected. The Plaintiffs appealed to the General Term of the Eighth District, where the judgment was affirmed. They now appeal to this Court. The facts necessary to an understanding of the points raised are stated in the opinion of the Court.

*P. L. Ely* for Appellants.

*W. A. Butler* for Respondents.

HUNT, J.—Numerous exceptions were taken during the trial. Some of them are conceded by the Appellants to be without merit. I have examined them all with care, but do not think it necessary to discuss any of them, other than the exceptions taken to the charge of the judge. Weiner was a merchant in Lockport, and the owner of the goods in question. In November, 1857, he made an assignment to one Barr. The assignment was alleged to be fraudulent. Testimony was given upon this question, and the jury by their verdict decided that it was fraudulent. On the 23d of January, 1858, the deputy sheriff made the levy under

which the goods were afterward removed and sold.    It is in rela-
tion to the validity of this levy that the question is made.    On
the 26th day of January, Barr made a sale to the Plaintiffs of all
the goods remaining unsold, which sale, it is alleged, was also
fraudulent.    The deputy sheriff testified that, having these execu-
tions in his hands, he presented the same to Weiner at his store
for payment; that he levied on the goods at that time; that he
told Weiner of the levy at the time in the store, and that certain
clerks named were also in the store.    On being cross-examined,
he further stated : " I made the levy on the 23d day of January; I
asked Weiner to turn me out property on the executions; he
said he had no property; I told him I was authorized to levy on
that stock of goods; I told Weiner I had made a levy on the
stock of goods."    On the same day he endorsed upon the execu-
tions, " Levied, January 23d, on all goods in the store lately occu-
pied by S. M. Weiner."    Barr, the assignee, was not present at
this time.

    In substance, the sheriff, with the executions in his possession,
went to the person having charge of the property, or who, with
others, was in its apparent possession, and in view and control of
the goods, informed such person that he levied on the goods, and
endorsed a memorandum of such levy upon the executions.    No
notice of the levy was given to Barr, the assignee.    It was suffi-
cient to give it to the person in charge.    The jury have found
that, as to creditors, the title was in Weiner, and not in Barr.    No
notice to Barr could have been necessary.    The Plaintiffs' counsel
requested the Court to charge the jury that there was no evidence
of a sufficient levy upon the goods to entitle the Defendant to hold
the goods.    The Court declined so to charge, and the Plaintiffs
excepted.    The Court charged the jury that it was not necessary
for an officer to take manual possession of the goods, or to assume
the entire control over property, to constitute a valid levy; that
if the sheriff went into the store where the goods in question
were, having in possession the executions for the purpose of levy-
ing on the goods, and found Weiner in the store, apparently in
possession, exhibited the executions to Weiner, informed him that

he levied upon the goods, and he then levied and made a minute upon his executions, this constituted a sufficient levy. To this the Plaintiffs excepted. I am of the opinion that the evidence showed a sufficient levy, and that there was no just ground of exception to the charge (Camp *v.* Chamberlain, 5 Denio, 198 ; Bond *v.* Willett, 31 N. Y. R. 102 ; Roth *v.* Wills, 29 N. Y. R. 471). In the latter case, the rule is thus laid down by Mullin, J. : "To constitute a valid levy, the officer must enter on the premises where the goods are, and take possession of them, if that be practicable ; if not, then he must openly and unequivocally assert his title to them by virtue of his executions. It is not essential to the validity of the levy that he take actual possession of the goods, or that he remove them from the custody of the debtor. The test of a valid levy is whether enough has been done to subject the officer to an action of trespass, but for the protection of the execution." In that case the Defendant went to the Plaintiffs' store, saw the goods, asserted his right to them by virtue of his levy, in the hearing of one of the Plaintiffs, and subsequently the fact that a levy had been made was endorsed on the executions. (See also the explanation of the rule as given by Selden, J. at p. 488.) The case of Roth *v.* Wells was elaborately argued, and the reported opinions show that all the authorities on the subject were before the Court, and were carefully considered. It is a clear authority in favor of the Defendant, and it is not necessary to go further in the citation of cases.

It appeared from the assignment of Weiner that a preference was given therein to one George Judson, to the amount of sixty dollars, for rent. On this branch of the case the Court charged the jury that if Weiner preferred Judson for this sum for the occupation of the dwelling-house used by him, before and subsequent to the assignment, even though a bonâ fide liability, with intent that the same should accrue to Weiner's future benefit, by securing to himself and family the future use of said dwelling-house, without paying rent or being liable therefor, the assignment was void. To this charge the Plaintiff excepted. The law of this proposition is clearly sound (2 Coms. 365 ; 4 Coms. 211 ;

5 Com. 547). The evidence from which the jury were authorized to draw the inference of the proposed intent, although not strong, was sufficient, I think, to raise the question.

These questions are the only ones requiring particular notice.

The judgment should be affirmed.

Affirmed.

JOEL TIFFANY,

State Reporter.
